IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs August 28, 2001

**In re:  Estate of Lois Chandler**

**Appeal from the Chancery Court for Knox County**
**No. 98-55595-1     John F. Weaver, Chancellor**

**FILED NOVEMBER 15, 2001**

**No. E2000-03055-COA-R3-CV**

---

Buster Chandler, Jr. ("Chandler") was appointed administrator of the estate of his mother, Lois Chandler, who died intestate in 1998.  Chandler is incarcerated in Kentucky for a murder he committed in 1990.  Chandler requested the Chancery Court arrange for his transportation from prison in Kentucky to Knoxville, Tennessee, so he could be present for the hearing regarding the closing of his mother's estate and so he could meet with the Knox County Attorney General regarding his murder conviction in Kentucky.  Chandler argued that the Attorney General wanted to try him for the murder in Knoxville and would assist in obtaining a pardon from the governor of Kentucky.  The Chancery Court denied his request, closed his mother's estate, and assessed court costs against Chandler as administrator.  Chandler appeals.  We affirm the Chancery Court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Buster Chandler, Jr., *pro se* Appellant, Eddyville, Kentucky.

**OPINION**

**Background**

Lois Chandler died intestate in March 1998. In October 1998, Lois Chandler's son, Buster Chandler, Jr., who is incarcerated in Kentucky, filed a Petition for Letters of Administration with the Chancery Court. The Chancery Court entered an order appointing Chandler the administrator of Lois Chandler's estate ("Estate"). Although the record on appeal is unclear, the Chancery Court apparently set a hearing regarding the closing of the Estate to take place in August 2000. Chandler then filed a Motion for Writ of Habeas Corpus ad Testimonial [sic] in April 2000, requesting the Chancery Court order that he be transported from prison in Kentucky to the Chancery Court in Knoxville, Tennessee, for the hearing.

In his motion, Chandler argued he had a constitutional right to be present at the hearing. Chandler also cited an additional ground not related to the Estate matter. Chandler stated he was serving time in Kentucky prison for murder he committed in Knoxville in 1990. Chandler contended that the Knox County Attorney General wished to try Chandler for the murder, but was not able to do so due to Chandler's incarceration in Kentucky. Chandler argued that if he were able to come to Knoxville for the Estate hearing, he could work with the Attorney General to obtain a pardon from the governor of Kentucky and be retried for the murder in Knoxville.

The Clerk and Master of the Chancery Court responded to Chandler's motion by written correspondence which informed Chandler that the Chancery Court did not have authority to issue a writ of habeas corpus. The Clerk and Master also informed Chandler that all statutory requirements of the Estate's administration had been completed and that, therefore, the Estate would be closed once Chandler paid court costs and executed the Order Closing Estate.

Prior to filing a Notice of Appeal, Chandler filed motions with this Court requesting that the Estate hearing be held in abeyance; an injunction be issued ordering the Chancery Court not to close the Estate and securing Chandler's presence at the hearing; and an interlocutory order be issued advising Chandler as to his rights regarding the closing of his mother's Estate.[1] Chandler also complained that he did not have the funds to pay the court costs which totaled approximately $50.00. In response, this Court entered an order in August 2000, remanding the matter to the Chancery Court for consideration of Chandler's habeas corpus motion in light of a recent opinion by our Supreme Court, *Logan v. Winstead*, 23 S.W.3d 297 (Tenn. 2000), and ordering the Chancery Court not to close the Estate until the habeas corpus issue was decided.[2]

The Chancery Court issued a Notice in which it requested Chandler answer a series of questions related to his habeas corpus motion. Chandler, thereafter, filed a motion in which he stated that he could not answer the questions in the Notice because he was *pro se* and did not have access to Tennessee law books. In his motion, Chandler again requested the Chancery Court hold

---

[1] It should be noted that these motions were filed under a different docket number than the instant appeal, but the technical record from the Chancery Court in this matter contains these motions.

[2] We note that this Court's Order of August 2000, held that Chandler could proceed on appeal *in forma pauperis.*

the hearing in abeyance and arrange for Chandler's transportation to the hearing. Chandler also reiterated his request to meet with the Knox County Attorney General regarding his criminal matter while in Knoxville for the Estate hearing. In a separate motion, Chandler requested the Knox County Attorney General be allowed to intervene in this estate matter to assist Chandler in obtaining a pardon from the Kentucky governor.

The Clerk and Master entered a Master's Report in October 2000, recommending the Chancery Court deny Chandler's motion to hold the closing of the Estate in abeyance. The Clerk and Master stated in his report that Chandler had cited no valid reason for delaying the closing of the Estate except for Chandler's inability to pay court costs assessed for closing the Estate. In denying Chandler's request for an abeyance, the Clerk and Master stated that Chandler "is attempting to use the probate estate as a vehicle to contest the jurisdiction of his conviction in the State of Kentucky." The Clerk and Master recommended since all requirements for the Estate's administration had been met except for payment of costs, the Estate be closed, with costs assessed to Chandler which could be paid in installments pending his release from prison. The Chancery Court approved the Master's Report and entered an Order of Confirmation in November 2000. Chandler timely filed a Notice of Appeal in December 2000, in which he designated the State of Tennessee as the appellee.[3] We affirm the Chancery Court and dismiss this appeal.

## Discussion

Chandler represented himself in the Chancery Court and in this Court. "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. State Attorney Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000). Parties proceeding *pro se*, however, "are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with." *Id.*

Although Chandler never filed a brief in support of his arguments on appeal, he did file several motions with this Court. Under Tenn. R. App. P. 29, Chandler's brief was due in this Court in January 2001. Chandler missed this deadline for reasons not explained by the record. This Court partially granted a motion Chandler filed in December 2000, in which Chandler requested this Court waive requirements related to the substance, filing and service of appellate briefs. Due to the restrictions imposed by Chandler's incarceration, the Court granted Chandler's motion to the extent that he was not required to comply with the front cover color requirements and requirement of filing four copies as set forth in Tenn. R. App. P. 29 and 30.

---

[3] In his Notice of Appeal, Chandler designated the State of Tennessee as the appellee. Due to the nature of this matter, however, the State has not filed anything with this Court. Also, after filing his Notice of Appeal, Chandler filed a motion to proceed *informa pauperis*, but the record on appeal does not contain an order from this Court adjudicating this motion. Chandler has been allowed to proceed in this appeal *in forma pauperis*.

In March 2001, Chandler filed a motion in which he requested permission to cite to federal law in his brief instead of Tennessee law since he did not have access to Tennessee law books at his prison in Kentucky. Chandler also asked his appeal be held in abeyance pending this Court's determination of this issue. We denied Chandler's motion, holding that the "law in Tennessee has long been that administration of estates should be timely administered and closed as quickly as possible. . .[,]" citing *McFarlin v. McFarlin*, 785 S.W.2d 367, 370 (Tenn. Ct. App. 1989). This Court, *sua sponte*, however, gave Chandler an extension of time in which to file his brief, setting the new deadline for April 2001. Instead of filing his brief in April 2001, however, Chandler filed a Tenn. R. App. P. 10 application for extraordinary appeal to our Supreme Court. Chandler's Rule 10 application was denied in June 2001. Chandler never filed a brief with this Court.

Despite Chandler's failure to file a brief, we have liberally reviewed all of Chandler's motions contained in the record on appeal in an attempt to determine Chandler's issues on appeal. *See Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227-28 (Tenn. Ct. App. 2000) (holding that "[a]lthough [this Court has] no duty to exhaustively search this record to verify unsupported allegations in a brief, . . . we have been liberal in our interpretation of the [*pro se* appellant's] brief"). From Chandler's various motions, we glean that Chandler's issues on appeal primarily concern the Chancery Court's refusal to order he be transported from prison in Kentucky to Tennessee for the Estate hearing; the Chancery Court's closing of the Estate; the Chancery Court's refusal to provide him with assistance of counsel; and the Chancery Court's assessment of costs for the administration of the Estate to Chandler. Chandler also contends this Court erred in its refusal to allow him to cite to federal case law and claims this Court did not allow him to file an appellate brief.

With the exception of a motion filed in late October 2001, this Court has considered and adjudicated all of Chandler's motions. Chandler's final motion, filed in October 2001, raises no new issues not already reviewed and decided by this Court. Accordingly, we deny Chandler's motion filed on October 22, 2001.

With respect to Chandler's allegations of error regarding the Chancery Court's closing of the Estate and assessing court costs to Chandler, the proof in the record does not show any reversible error. The proof contained in the record on appeal shows that the Chancery Court correctly ordered the Estate to be closed since all requirements of the administration of the Estate were met. *See* Tenn. Code Ann. § 30-1-101, *et seq.*; § 30-2-101, *et seq.* Accordingly, we affirm the Chancery Court's Order of Confirmation.

Chandler's issue that the Chancery Court erred in refusing to provide him transportation from a prison in Kentucky to Tennessee is without merit. This Tennessee Chancery Court had no authority or power to order Kentucky authorities to transport Chandler from a Kentucky prison to Tennessee for an estate hearing. Likewise, Chandler's issue that the Chancery Court erred in refusing to appoint him counsel is without merit as Chandler has no right to appointment of counsel in this civil matter.

-4-

We next review the repercussions of Chandler's failure to file a brief in support of his appeal. Chandler missed two deadlines for filing his brief, the second of which was granted to him by this Court long after the first deadline had passed. Instead of using the extension of time granted by this Court to file his brief in April 2001, Chandler filed an application for extraordinary appeal to our Supreme Court. We acknowledge that Chandler is proceeding *pro se* and that due to his incarceration, he has repeatedly urged this Court to appoint him counsel or allow him to cite to federal case law since he does not have access to Tennessee law books in prison. Chandler, however, must comply with the same substantive law and procedural rules as all other litigants as this Court seeks to treat all litigants fairly and equally. *Hodges v. State Attorney Gen.*, 43 S.W.3d at 920. Therefore, we find no merit in this, or in any issue, arguably raised by Chandler on appeal.

## Conclusion

The judgment of the Chancery Court is affirmed, and this cause is remanded to the Chancery Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Buster Chandler, Jr., and his surety.

_____
D. MICHAEL SWINEY, JUDGE