IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Brief October 5, 2000

## FRED HODGES v. TENNESSEE ATTORNEY GENERAL, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-798-I    Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2000-00550-COA-R3-CV - Filed November 30, 2000**

---

This appeal arises from the dismissal of a prisoner's pro se complaint for failure to prosecute. The Chancery Court for Davidson County dismissed the complaint eleven months after it was filed because the prisoner had failed to provide summonses and copies of the complaint for service on the defendants. The prisoner has appealed to this court. Instead of arguing that the trial court erred by dismissing his complaint for failure to prosecute, the prisoner has simply renewed the assertions he made in the trial court that his sentence credits have been calculated incorrectly and that he should be released on parole. We determined that the trial court properly dismissed the complaint for failure to prosecute.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Fred Hodges, Nashville, Tennessee, Pro Se, appellant.

No Response on behalf of the Tennessee Attorney General, the Commissioner of Correction, and the Tennessee Department of Correction.

## OPINION

In September 1977, Fred Hodges was convicted of first degree murder in Weakley County. He has been incarcerated with the Department of Correction ever since. In September 1998, Mr. Hodges was transferred to the Deberry Special Needs Facility where he works as a maintenance man.

At some point in late 1998 or early 1999, Mr. Hodges requested the Department of Correction to issue a declaratory order regarding the calculation of his sentence credits and his eligibility for parole. On March 3, 1999, the Commissioner declined to issue a declaratory order. Thereafter, on March 22, 1999, Mr. Hodges filed a complaint in the Chancery Court for Davidson

County seeking a declaratory judgment. He asserted that errors in the Department's record keeping system were preventing him from being paroled in violation of his state and federal constitutional rights. Unfortunately, Mr. Hodges did not provide completed summonses and copies of the complaint to the clerk and master for service on the defendants even though the clerk and master requested these documents. After the complaint languished for eleven months, the trial court filed an order on February 28, 2000, dismissing the complaint for lack of prosecution. Mr. Hodges filed a notice of appeal on March 6, 2000, protesting that he had heard nothing about his case until he received a copy of the order dismissing his complaint and requesting additional time "to support his complaint correctly."

On August 7, 2000, Mr. Hodges filed with this court a retyped version of his original complaint instead of a brief. On September 18, 2000, this court directed the Attorney General and Reporter to show cause why this appeal should not be submitted on the appellate record and Mr. Hodges's papers. Surprisingly, the Attorney General and Reporter never responded to this order.[1] However, Mr. Hodges has filed two additional sets of papers. On October 10, 2000, he filed papers titled "Motion for Judgments and Opinions, Rule 38," and on October 11, 2000, he filed a sheaf of documents bearing the title "Petition for Writ of Habeas Corpus 28. USCA 2254 in the State Appellate Court Class Action."[2]

## I.

A civil lawsuit is commenced with the filing of a complaint in a court of competent jurisdiction. Tenn. R. Civ. P. 3. However, the filing of a complaint is only the first necessary step. Because Tenn. R. Civ. P. 4.01 requires the service of a copy of the complaint and a summons on each of the defendants, the lawyer representing the plaintiff or the plaintiff himself or herself must also provide the clerk of the court with sufficient copies of the complaint and completed summons for service on each of the defendants. Tenn. R. Civ. P. 3 advisory commission 1992 cmt.[3] An unexplained failure to file a summons with the trial court clerk or to otherwise cause a summons to be issued can result in the dismissal of a complaint for failure to prosecute. Accordingly, we have upheld the dismissal of a complaint for failure to prosecute following an unexplained seven month delay in causing a summons to be issued. *Strong v. Elkins*, No. 01A01-9201-CV-00028, 1992 WL 113419, at *2 (Tenn. Ct. App. May 29, 1992) (No Tenn. R. App. P. 11 application filed).

---

[1] It should be obvious that a court expects a response of some sort when it orders a party to show cause. We trust that the Attorney General and Reporter's failure to respond to the show cause order in this case was simply an oversight that will not be repeated in the future.

[2] As best we can determine, the October 11, 2000 documents amount to an original claim for relief. We have no jurisdiction to consider it because our jurisdiction is appellate only. Tenn. Code Ann. § 16-4-108(a)(1) (1994).

[3] This comment states, in part: "The burden of preparing the summons is placed on the lawyer, who should take steps to ensure that it is issued and placed in the hand of a deputy sheriff or private process server immediately after filing."

Parties who choose to represent themselves are entitled to fair and equal treatment by the courts. *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). However, the courts may not prejudice the substantive rights of the other parties in order to be "fair" to parties representing themselves. Parties who choose to represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Thus, Mr. Hodges, like any other litigant represented or not, must comply with the requirements of Tenn. R. Civ. P. 3 and 4 regarding the filing of the complaint and the issuance of process.

Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 37.02(C); Tenn. R. Civ. P. 41.02(1); *Kotil v. Hydra-Sports, Inc.*, No. 01A01-9305-CV-00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994) (No Tenn. R. App. P. 11 application filed). Because decisions to dismiss for failure to prosecute are discretionary, *White v. College Motors*, 212 Tenn. 384, 386, 370 S.W.2d 476, 477 (1963), reviewing courts will second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably. *Friedman v. Belisomo*, No. 02A01-9304-CH-00094, 1993 WL 498504, at *3 (Tenn. Ct. App. Dec. 1, 1993) (No Tenn. R. App. 11 application filed). Trial courts may, on their own motion, dismiss cases for lack of prosecution, but this authority should be exercised sparingly and with great care. *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978).

Mr. Hodges failed to provide the clerk and master with copies of his complaint and completed summons forms which would have enabled the clerk and master to issue the summons "forthwith" as required by Tenn. R. Civ. P. 4.01(1). He has offered no excuse for his failure to do so, and the record contains no basis upon which this court can or should excuse him from this requirement. Accordingly, we affirm the order dismissing his complaint for failure to prosecute.

## II.

The order dismissing the complaint for failure to prosecute is affirmed, and the case is remanded to the trial court for whatever further proceedings may be required. The costs of this appeal are taxed against Fred Hodges for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE