IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 20, 2004 Session

**DWAYNE S. BYRD, JULIE DICHTEL BYRD, J. WILSON ROOP, JR., Individually and as Representatives of Getwell West Residents Association; GETWELL WEST RESIDENTS ASSOCIATION, as Representatives of Property Owners within the Annexed Area; GERALD D. McLEMORE, WYNN PATTON, ROXIE BOYCE, WILLIAM C. PORTER, HARRY GILLESPIE, WENDELL B. WILLIAMS, MATTIE BOOKER, MABLE DURHAM, GENE CUMMINGS, JIM GAITHER, BERICE JOHNSON, CAROLE H. NELLUMS, and ROBERT E. BUIE, Individually and as Representatives of their Respective Subdivisions**
v.
**CITY OF MEMPHIS; RICHARD C. HACKETT, Mayor of Memphis; MEMPHIS CITY COUNCIL, Composed of Present Members:  A. D. ALISSANDRATOS, BILL DAVIS, OSCAR H. EDMONDS, JR., DR. JAMES FORD, MICHAEL A. HOODS, FLORENCE LEFFLER, TOM MARSHALL, MARY ROSE McCORMICK, JIMMY MOORE, RICKEY PEETE, JACK SAMMONS, BARBARA SONNENBURG, PAT VANDER SCHAAF, and Retiring Members BILLY HYMAN, ROBERT B. JAMES, MINERVA JOHNICAN, J. O. PATTERSON, JR., and WILLIAM GIBBONS**

An Appeal from the Chancery Court for Shelby County
No. 95392-1     Walter Evans, Chancellor

No. W2003-01943-COA-R3-CV - Filed November 15, 2004

This case involves a dismissal for failure to prosecute.  In January 1988, the plaintiff residents filed this lawsuit against the defendant municipal officials for allegedly enacting an unconstitutional and unreasonable annexation ordinance.  In 2003, after the case had been on the trial court's docket for fifteen years with little activity, the trial court clerk filed a motion to dismiss for lack of prosecution. In June 2003, the trial court granted the clerk's motion and dismissed the case.  The plaintiff residents now appeal.  We affirm, finding that the trial court did not abuse its discretion in dismissing the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., and DAVID R. FARMER, J., joined.

Dwayne S. Byrd and Julie D. Byrd, Memphis, Tennessee, for the appellants.

Jonathan C. Hancock, Ashlee B. Ellis, and Sara Hall, Memphis, Tennessee, for the appellee, City of Memphis.

## OPINION

In December 1987, Defendant/Appellee Memphis City Council passed upon final reading Ordinance 3712, which purported to annex an area of southwest Memphis, Tennessee, commonly known as "Getwell West."  On January 19, 1988, the above-named Plaintiffs/Appellants (collectively, "Plaintiffs"), individuals and representatives of individuals living in the annexed area,[1] filed a lawsuit against Defendants/Appellees the City of Memphis, its Mayor at the time, Richard C. Hackett, the Memphis City Council and the individually named members of the City Council at the time (collectively "City").  The lawsuit sought a declaratory judgment that the annexation was unconstitutional.  The Plaintiffs also sought relief under the *quo warranto* provisions of Tennessee Code Annotated § 6-51-103, which allow citizens to contest an annexation that "reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole. . . ." Tenn. Code Ann. § 6-51-103(a)(1)(A) (1998).  On July 26, 1988, the trial court granted the Attorney General's motion to intervene to defend the constitutionality of the annexation statutes at issue.  Since that date in 1988, the record shows virtually no activity in the case.

On at least two occasions, the clerk of the trial court moved to dismiss the case for lack of prosecution.  On December 28, 1993, after the case had been on the court's docket nearly six years with little activity, the trial court entered an order denying the clerk's first motion to dismiss "upon good cause shown that the Clerk's motion to dismiss should be denied."  After the trial court clerk filed a second motion to dismiss for lack of prosecution almost two years later, on October 30, 1995, the trial court denied this second motion, again on the basis that "good cause [was] shown that the motion should be denied."[2]

---

[1]The caption of the case lists 17 Plaintiffs.  However, the first two named Plaintiffs, Dwayne and Julie Byrd ("the Byrds"), are now counsel to the Plaintiffs and are not real parties in interest.  The suit was originally filed when the Byrds were law students and residents of Getwell West.  Subsequently, the Byrds  moved out of Getwell West, but entered appearances on behalf of the other Plaintiffs after they became licensed to practice law.

[2]On November 14, 1995, the trial court entered an order dismissing the case for lack of prosecution.  Apparently, however, that order was inadvertently entered, and two weeks later the trial court set that order aside.

Sometime in 2003, after the case had lain fallow on the trial court's docket for some fifteen years, the trial court clerk filed a third motion to dismiss for lack of prosecution. On June 27, 2003, the trial court held a hearing on the matter. No transcript of the hearing was made. However, the appellate record includes a "Statement of Proceedings held June 27, 2003" ("Statement").[3] According to the Statement, the Plaintiffs advised the trial court that, in the previous two instances in which motions were filed by the clerk to dismiss for lack of prosecution, the Defendants had declined to agree to a trial setting, saying that they were not ready for trial. The Plaintiffs claimed that this was the basis for the trial court's earlier denial of the clerk's motions to dismiss. The Statement also shows that the Plaintiffs argued to the trial court that, in an annexation suit of this nature, the burden of going forward and the burden of proof is on the Defendants. Despite these arguments, the trial court dismissed the case in an oral ruling from the bench, and later entered an order consistent with this oral ruling. From that order, the Plaintiffs now appeal.

On appeal, the Plaintiffs argue that the trial court erred in dismissing their case for lack of prosecution because the case involves issues of great public importance. In addition, the Plaintiffs argue that the trial court abused its discretion because any delay in the prosecution of this case was not the fault of the Plaintiffs. Rather, they argue, the failure of the case to move forward was actually the fault of the Defendants. The Plaintiffs argue that it was "Defendants and not Plaintiffs [who] have failed to prosecute this case . . . ."

A trial court's decision to dismiss an action for lack of prosecution is within the trial court's sound discretion, and the decision will be affirmed on appeal absent an abuse of that discretion. *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). An abuse of discretion has occurred when the trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). Thus, the trial court's decision to dismiss for failure to prosecute will not be reversed unless the trial court has "acted unreasonably, arbitrarily, or unconscionably." *Hodges v. Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). The appellate court is not permitted "to merely substitute its judgment for that of the trial court." *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). We are mindful, however, that the power to dismiss a case for lack of prosecution "should be exercised sparingly and with great care." *Hodges*, 43 S.W.3d at 921.

Pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure, the trial court may, on its own motion, dismiss a case for failure to prosecute. *Id.* "This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment." *Osagie*, 91 S.W.3d at 329.

---

[3]The Plaintiffs claim that they later filed a First Amended Statement of Proceedings, which was omitted from the record on appeal. The Plaintiffs stated that the amended Statement changes only typographical errors involving misidentification of the parties (e.g., "plaintiff" and "defendant"), with no substantive changes. The amended Statement was never added to the appellate record.

The Plaintiffs first argue that the trial court abused its discretion in dismissing the case because of the "great public importance" of this case. Assuming *arguendo* that the case is one of great public importance, the Plaintiffs have cited to no authority indicating that such cases are considered differently from other cases on trial court's dockets. Indeed, it could be argued that it is *more* imperative that a case of great public importance be resolved in a timely manner. The record in this case shows that the case languished on the trial court's docket for over fifteen years with little or no activity. In an effort to manage the court's docket, the trial court clerk twice filed motions to dismiss the case, once after six years and again after seven and a half years. At oral argument, counsel for the Plaintiffs sought to explain that the case was not dismissed at the earlier stages because the Plaintiffs deferred their right to a trial at the request of the City. This assertion has no support in the record, and therefore cannot be considered in this appeal. Regardless, the trial court twice resuscitated a case that was on life support, and the Plaintiffs were certainly aware that continued inaction would result in dismissal. Despite this, the record shows no further efforts by the Plaintiffs to prosecute their case during the ensuing eight years. Whether or not the burden of proof at trial would have been on the Defendants is irrelevant.[4] It was the Plaintiffs' burden to prosecute their case. *See* Tenn. R. Civ. P. 41.02(1) (addressing the "failure of the plaintiff to prosecute" his case). They failed to do so. Under these circumstances, we find no abuse of discretion in the trial court's decision to finally, *finally*, dismiss the case.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellants J. Wilson Roop, Jr., Individually and as a Representative of Getwell Residents Association; Getwell West Residents Association, as Representatives of Property Owners within the Annexed Area; Gerald D. McLemore, Wynn Patton, Roxie Boyce, William C. Porter, Harry Gillespie, Wendell B. Williams, Mattie Booker, Mable Durham, Gene Cummings, Jim Gaither, Berice Johnson, Carole H. Nellums, and Robert E. Buie, Individually and as Representatives of their Respective Subdivisions; and their surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[4]The case of **Gadd v. State**, No. E1998-00016-WC-R3-CV, 2000 WL 310262 (Tenn. Sp. Workers' Comp. Mar. 4, 2000), cited by the Plaintiffs, is inapposite, because that case was analyzed under the special rules of the Tennessee Claims Commission, which have no application in this case.