IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 18, 2006 Session

## OPAL JEAN WOODRUFF, by and through the Guardian of Her Estate, National Bank of Commerce v. W. C. SUTTON, JR., ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-02-2281-3     D. J. Alissandratos, Chancellor

No. W2006-00434-COA-R3-CV - Filed December 20, 2006

In 1997, an Arkansas state court adjudged the plaintiff/ward to be incapacitated and appointed a bank to be the conservator of her estate.  The conservator bank, acting on the behalf of the incapacitated plaintiff/ward, filed a complaint in 2002 against the defendants.  The plaintiff sought to set aside a quit claim deed for property located in Shelby County, Tennessee.  The plaintiff/ward had executed the deed in 1996 and transferred title for the property to the defendants.  The co-defendant bank, which had obtained an interest in the property through the defendants in 2002 but was not named as a defendant in the complaint, answered the complaint in 2003 and moved for a dismissal.  The plaintiff sought to amend the complaint and name the bank as a co-defendant.  The co-defendant bank moved to strike the amended complaint.  The originally named defendants filed an answer later in 2003, and in 2004 they moved for dismissal based upon the statute of limitations.  In 2005, the defendants moved for a dismissal based upon their original defenses and for the plaintiff's failure to prosecute the complaint.  The plaintiff set a trial date in the chancery court, and the defendants moved to strike the trial date.  The trial court held a hearing on the defendants' motions to dismiss and granted the defendants' motion for dismissal with prejudice for failure to prosecute.  The plaintiff moved for reconsideration of the judgment, and the trial court denied the motion.  The plaintiff filed a timely notice of appeal to this Court.  We reverse and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Brian F. Walhart, of West Memphis, Arkansas, Steven M. Markowitz, of Memphis, Tennessee, and Robert C. Banks, Jr., of West Memphis, Arkansas, for the Appellant.

Lawrence W. Kelly, of Atlanta, Georgia, for the Appellee, J. P. Morgan Chase Bank, Trustee, and Lee S. Saunders, Somerville, TN, for Appellee W. C. Sutton, Jr.

# OPINION

## I. FACTS AND PROCEDURAL HISTORY

This is an appeal from the dismissal, for failure to prosecute, of an action to set aside a deed for real property in Shelby County, Tennessee, where the plaintiff set a trial date, appeared at a hearing for the defendants' motion to dismiss, and claimed to be ready for trial at the time of dismissal. The underlying procedural facts of this case are lengthy, but integral to our review on appeal. Plaintiff Opal Jean Woodruff ("Appellant" or "Mrs. Woodruff"), a resident of Crittenden County, Arkansas, was adjudged to be incapacitated by the Probate Court of Crittenden County, Arkansas on January 22, 1997. That court appointed the Bank of West Memphis as the guardian of Appellant's estate, and co-plaintiff National Bank of Commerce ("Appellant") became the successor to this guardianship.

Defendants W.C. Sutton, Jr., and Stephanie Sutton ("Appellees" or "the Suttons") obtained real property located in Shelby County, Tennessee, from Mrs. Woodruff by quit claim deed on September 18, 1996, prior to the adjudication of incapacity. At the time of transfer, Mrs. Woodruff had been the sole owner of this property as the surviving tenant by the entirety since her husband, Billy J. Woodruff ("Mr. Woodruff"), died in 1995.[1] In March of 2002, the Suttons secured a loan from Bartlett Mortgage, Inc. with a deed of trust on the property, who then assigned the interest to the co-defendant J.P. Morgan Chase Bank ("J.P. Morgan" or collectively, with the Suttons, "Appellees").

Appellant filed a complaint against the Suttons on December 5, 2002, seeking to set aside the quit claim deed from Mrs. Woodruff to the Suttons, and alternatively seeking money damages.[2] Appellant alleged that Mrs. Woodruff had been incapacitated at the time of execution of the deed, and that the Suttons had been aware of this fact and used it to their advantage in fraudulently obtaining the property from her. The complaint also alleged that any further interest conveyed by the Suttons on the property was void or voidable. Apparently, several months passed before Appellant obtained successful service upon the Suttons. However, on May 8, 2003, J.P. Morgan filed an answer to the complaint, despite its not having been named as a defendant. On May 23,

---

[1] At the time of Mr. Woodruff's death, his nephew W.C. Sutton, Jr. and Sutton's wife Stephanie, Appellees, had been renting the property. After the Suttons received the property, they obtained a line of credit in May of 1997 with Enterprise National Bank ("Enterprise") that was secured by a deed of trust on the property.

[2] This complaint was apparently the re-filing of a previous complaint which had been filed in the chancery court of the Honorable Walter L. Evans in 1998 against the Suttons and Enterprise. This previous case involved different attorneys than those involved in the present case, with the exception of Mr. Saunders, who continues to represent the Suttons. The record of this previous case is not before this Court on appeal, however, the procedural developments from that case appear to be stipulated by the parties as follows: Chancellor Evans entered an order dismissing the action for failure to prosecute on December 7, 2001; on September 19, 2002, Appellant's new attorneys Mr. Jackson and Mr. Markowitz filed a motion to set aside the judgment; and on December 3, 2002, Chancellor Evans entered a consent order which modified the 2001 order to reflect that the dismissal was without prejudice.

Appellant filed an amended complaint adding J.P. Morgan as a defendant. On June 6, 2003, J.P. Morgan filed a motion to strike the amended complaint because Appellant had not obtained its consent or leave of the trial court. On June 17, Appellant filed a motion in response, stating that because service had still not been achieved with regard to the Suttons, it had been free to amend the complaint without leave of the trial court. Alternatively, Appellant requested that the amended complaint be treated as a motion to amend the original complaint. In its response Appellant further requested a continuance of the hearing date set by J.P. Morgan. Apparently, neither party reset these motions for hearing, and they were never ruled upon by the trial court.

On October 17, 2003, the Suttons finally filed an answer to the complaint. On May 21, 2004, the Suttons filed a motion to dismiss and supporting memorandum on the basis of the running of the applicable statute of limitations. Plaintiff filed a response on July 7, disputing the Suttons' assertions of which statute of limitations applied, and further arguing that Mrs. Woodruffs's incapacity effectively tolled any such time restrictions. On August 1, 2005, J.P. Morgan filed a motion to dismiss Appellant's action for failure to state a claim, running of the statute of limitations, and failure to prosecute, and the Suttons filed a similar motion. On August 3, Appellant filed a response, declaring itself ready for trial and requesting a trial setting. The record reflects that defendant Stephanie Sutton died on August 16, 2005. On September 16, J.P. Morgan filed a notice of hearing, to be held on November 4, 2005, on the pending motions to dismiss. Thereafter, Appellant set the case for trial on November 28, 2005, by putting it on the "Ten Day Rule" Docket, and the court clerk notified the attorneys for all parties of this trial date.[3] J.P. Morgan and W.C. Sutton, Jr., ("Sutton") filed a motion to strike the trial date "on the grounds that the case [was] not ready for trial," citing the pending 2003 motions related to Appellant's amended complaint and J.P. Morgan's motion to strike said complaint. J.P. Morgan filed a notice of hearing for the motion to strike the trial date for November 18, 2005. Appellant filed a response, once again declaring itself ready for trial.

On November 18, 2005, the Honorable D.J. Alissandratos held a hearing on Appellees' motion to dismiss for failure to prosecute. The court granted Appellees' motion in an order filed on December 2, 2005, finding "that the Plaintiff [had] not diligently prosecuted this case and that Defendants [had] been prejudiced by the Plaintiff's failure." The court order stated that the claims of Appellant were thereby dismissed with prejudice. Appellant argued a motion to reconsider and to alter or vacate this judgment on January 6, 2006, which the trial court denied in an order on January 25. Appellant filed a notice of appeal to this Court on February 13, 2006. On March 31, 2006, the trial court held a hearing on Appellee Sutton's motion to supplement the record with documents and transcripts from the first case that had been dismissed without prejudice in 2002 (Case No. CH 98-0617-1, hereinafter "first case"), but denied the motion in an order on May 1, 2006.

---

[3] This method of setting trial is permitted by local Rule 13, Rules of the Chancery Court of Shelby County.

## II. Issue Presented

On appeal, Appellant presents the following issue for review:

Whether the trial court abused its discretion in dismissing the action for failure to prosecute pursuant to Tennessee Rule of Civil Procedure 41.02.

For the following reasons, we reverse and remand for further proceedings.

## III. Standard of Review

We review a trial court's decision to dismiss for failure to prosecute under an abuse of discretion standard. *Townsend Sci. Trust v. Food Tech. Investors, L.P.*, No. W2005-00835-COA-R3-CV, 2006 Tenn. App. LEXIS 17, at *5 (Tenn. Ct. App. Jan. 11, 2006) (citing *Gen. Transp. Servs. v. Wilson*, 1985 Tenn. App. LEXIS 3395, at *16 (Tenn. Ct. App. Mar. 22, 1985). "A trial court abuses its discretion only when it 'applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Eldridge v. Eldrige*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). The abuse of discretion standard does not permit the appellate court to merely substitute its judgment for that of the trial court. *See id.*

Findings of fact made by a court sitting without a jury are reviewed under a *de novo* standard of review upon the record with a presumption of correctness for those findings. *Dennis Joslin Co., LLC v. Johnson*, 138 S.W.3d 197, 200 (Tenn. Ct. App. 2003) (citing Tenn. R. App. P. 13(d)). Conclusions of law made by the trial court are reviewed *de novo* upon the record with no presumption of correctness. *Id.* (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

## IV. Discussion

The Tennessee Rules of Civil Procedure provide: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Tenn. R. Civ. P. 41.02 (1) (2006). A dismissal for failure to prosecute operates as an adjudication upon the merits. *Thompson v. Dickerson*, No. 02A01-9702-CV-00034, 1997 Tenn. App. LEXIS 547, at *5 (citing Tenn. R. Civ. P. 41.02 (3)). "Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court." *Hodges v. Tenn. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). Because a trial court's decision to dismiss for failure to prosecute is discretionary, we review such a decision to determine whether the trial court "acted unreasonably, arbitrarily, or unconscionably." *Id.*

After Appellees filed a motion to dismiss for failure to prosecute in August of 2005, Appellant responded stating its readiness for trial and requesting a trial date. Appellant later set a trial date on the "Ten Day Rule" Docket for November 28, 2005, pursuant to local rules. Appellees filed a motion to strike the trial date because they believed that the case was not ready for trial, citing the unresolved motion regarding the 2003 amendment to Appellant's complaint. In their brief on appeal, Appellees contend that the case was not "procedurally" ready for trial at this time. However this apparent procedural issue related to J.P. Morgan's motion to strike the amended complaint, which apparently had never been reset for hearing in two years by either party,[4] could likely have been dealt with by the trial court at either the November 18, 2005 hearing or on the trial date originally set for November 28, 2005. We see no reason why J.P. Morgan's perception that the case was not procedurally ready for trial should be attributed to Appellant and effectively used as a basis for dismissing its complaint with prejudice. If J.P. Morgan had truly wished to receive a ruling on the 2003 motion, it could have rescheduled the hearings after Appellant asked for a continuance in June of 2003. Appellant was not obligated to set these motions for J.P. Morgan, particularly since it argued in its response that it believed leave of court had not been necessary to file the amended complaint naming J.P. Morgan as a party.

We further conclude that at the dismissal hearing on November 18, 2005, the trial court placed improper emphasis on the earlier dismissal of Appellant's first case, which had been modified through a consent order in 2002 by Chancellor Evans to be *without prejudice*. At the January 6, 2006 hearing, counsel for both Sutton and J.P. Morgan referred numerous times to the first case in support of their contention that Appellant had not diligently prosecuted this case. In its ruling from the bench, the court denied Appellant's motion to reconsider the dismissal for failure to prosecute, stating:

> The Court finds that this matter, when you get down to it, *including the other case* because this is merely the re-filing of a prior case, is exceedingly old and has not been diligently prosecuted. The Court finds that there has been gross negligence by the conservator on behalf of the ward in this matter to diligently prosecute this matter. The Court finds as a result of that that there has been a substantial prejudice to both of these defendants as they have articulated and the Court understands and agrees.

We do not believe that it was appropriate for the trial court to consider the actions that may or may not have been taken by a different attorney in the previous case, which was ultimately dismissed without prejudice, in its determination of the sufficiency of efforts exerted by present counsel in this case.

---

[4] At the November 18, 2005 hearing on Appellees' motion to dismiss, counsel for Appellant represented to the trial court that J.P. Morgan's pending motion to strike the amended complaint was set to be heard on that date. This setting is not reflected in the technical record. Additionally, the trial court did not rule on that motion at the November 18 hearing.

Furthermore, the trial court focused heavily on supposed prejudice suffered by Appellees through Appellant's failure to set an earlier trial date. We disagree with the trial court's findings regarding any prejudice Appellees may have suffered in their discovery because of any fault on the behalf of Appellant. Mrs. Sutton died in August of 2005, but it is unclear whether she was a material witness to Appellees' defense of the claims against them. In addition, both parties have stipulated that Appellant took Mrs. Sutton's deposition in 1999 during the first case. Although it is correct that counsel for J.P. Morgan was neither present at that deposition, nor even a party to litigation at that time, Mrs. Sutton's death did not occur until over two years after J.P. Morgan had filed a response to Appellant's re-filed complaint in 2002. The technical record reflects this finding, but the trial court found otherwise at the January 6, 2006 hearing on Appellant's motion to reconsider:

> But I do know that one of the defendants is dead, *that one of the defendants has not had an opportunity because they were brought in after the death of that defendant to defend this litigation*, that one of the defendants, J.P. Morgan, has been brought into this litigation as a result of frankly what was not a properly prosecuted initial case.
>
> Gentlemen, I hate it, but I've just got to call it the way I see it. And therefore, I do find that there has been a substantial prejudice that cannot be undone.

(emphasis added). Our review of the technical record preponderates against this finding by the trial court. J.P. Morgan had an opportunity, had they wished to do so, to depose Mrs. Sutton from the time they filed an answer to the complaint in May of 2003 to Mrs. Sutton's death in August of 2005. We find that any initial delay by Appellant in setting a trial date during this period was not prejudicial to Appellees, but, as Appellant maintains, in fact provided Appellees an ample period of time in which to conduct their own discovery.

The cases cited by Appellees in support of the judgment below are distinguishable from this case. In **Osagie v. Peakload Temp. Servs.**, 91 S.W.3d 326 (Tenn. Ct. App. 2002), the pro se plaintiff appeared at court on the date set for trial and asked for a continuance. **Osagie**, 91 S.W.3d at 328. The trial court denied the continuance and required the plaintiff to proceed with his case or suffer a dismissal. **Id.** The plaintiff refused to proceed, and the trial court dismissed his claims. **Id.** On appeal, the Middle Section of the Tennessee Court of Appeals affirmed, finding that the trial court did not abuse its discretion. **Id.** at 329. In **Hodges v. Tenn. Attorney Gen.**, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000), the trial court dismissed a pro se plaintiff's complaint for failure to prosecute when the plaintiff failed to provide summonses and copies of the complaints to the clerk and master for service on the defendants within eleven months of filing the complaint. When the plaintiff offered no excuse for the delay on appeal, the appellate court similarly affirmed the dismissal by the trial court. **Id.** at 921.

In the case at bar, Appellant was not allowed the opportunity to proceed to trial on November 28, 2005. The hearing at which the trial court decided to dismiss the claims for failure to prosecute

occurred on November 18, 2005, ten days before the trial date set by Appellant. Appellant repeatedly stated its readiness to proceed at this time, and in fact, Appellees were the parties who claimed that the case was not ready for trial. Appellant filed timely responses to the motions filed by J.P. Morgan and the Suttons, and was in full compliance with any orders issued by the trial court. We therefore disagree with Appellees' contentions that the case law requires us to affirm the judgment of the court below.

### V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings. Costs are assessed against Appellees, J.P. Morgan Chase Bank and W.C. Sutton, Jr., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE