FILED

August 13, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:46 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| WILLIAM SACHS | ) | |
| Employee, | ) | Docket No.: 2014-05-0015 |
| | ) | |
| v. | ) | State File No.: 61900-2014 |
| | ) | |
| JOHNSON CONTROLS | ) | Date of Injury: JULY 30, 2014 |
| Employer, | ) | |
| | ) | Judge: |
| And | ) | BAKER |
| | ) | |
| INDEMNITY INS. CO. OF NORTH | ) | |
| AMERICA. | ) | |

## DISMISSAL ORDER

THIS CAUSE came before the Court on July 21, 2015, for a hearing of the Motion to Dismiss filed by Johnson Controls. The Court conducted the hearing via teleconference. The employee, William Sachs, did not respond to Johnson Controls' Motion and did not participate in the teleconference. Upon consideration of the Motion with accompanying memorandum of law and the argument of Johnson Controls' counsel, the Court finds that the Motion is well-taken and should be granted.

### History of Claim

On October 7, 2015, Mr. Sachs filed a Petition for Benefit Determination seeking workers' compensation benefits for an injury to his neck and shoulder that he allegedly suffered in the course and scope of his employment for Johnson Controls. Johnson Controls paid Mr. Sachs temporary disability and medical benefits but later denied the claim on causation grounds.

The workers' compensation mediator filed a Dispute Certification Notice, and the parties participated in an Expedited Hearing on the issues of temporary disability and medical benefits. The Court ordered Johnson Controls to provide Mr. Sachs additional medical care for his neck but denied his request for temporary disability benefits.

1

On March 26, 2015, the parties appeared before the Court for an Initial Hearing. At the Initial Hearing, Mr. Sachs and counsel for Johnson Controls agreed on discovery deadlines, pretrial filing deadlines, and selected a date for the Compensation Hearing. The Court issued an "Initial Hearing Order" memorializing the agreed deadlines and setting the Compensation Hearing for September 29, 2015. The Initial Hearing Order required the parties to respond to all interrogatories and requests for production of documents on or before May 26, 2015. The Order also required both parties to disclose the identity of its expert witnesses to the opposing party on or before June 26, 2015.

When the Court convened the hearing of Johnson Controls' Motion to Dismiss, Mr. Sachs did not call in to participate. The file shows that the Court Clerk sent Mr. Johnson a notice of hearing to the address on file. The undersigned attempted to call Mr. Sachs using the phone numbers included on the Petition for Benefit Determination: the first number was disconnected; the undersigned received a busy signal when he dialed the second number.

## Johnson Controls' Contentions

Johnson Controls requests dismissal of Mr. Sachs' claim due to his failure to comply with the Court's Initial Hearing Order. Specifically, it cites Mr. Sachs' failure to disclose the expert witnesses he intends to rely upon to establish the causal connection between the work he performed for Johnson Controls and his alleged injuries. It further argues that it timely disclosed the identity of its expert witness to Mr. Sachs and has scheduled that expert's deposition. Because Mr. Sachs bears the burden of proof and has not disclosed an expert, Johnson Controls argues that it should not be required to expend the time and resources to develop a defense.

Additionally, Johnson Controls cites Mr. Sachs' failure to respond to written discovery as grounds for dismissal. It sent Mr. Sachs written discovery via certified mail on May 26, 2015, and had not received a response, or heard from, Mr. Sachs in several months at the time of the hearing.

For these reasons, Johnson Controls argues that the Court should dismiss Mr. Sachs' claim pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure for failure to prosecute his claim and failure to comply with Court's Initial Hearing Order.

## Findings of Fact and Conclusions of Law

Rule 41.02 of the Tennessee Rules of Civil Procedure provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may more for dismissal of an action or of any claim against the defendant." "Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss

cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court." *Hodges v. Tennessee Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000).

Johnson Controls moved for dismissal of Mr. Sachs' claim for his failure to comply with the portion of Initial Hearing Order that required him to provide discovery responses and to disclose the identity of his expert witnesses. While the Court appreciates that Mr. Sachs proceeded without the assistance of legal counsel, this does not excuse his failure to comply with this Court's order. *See Id.*[1]

Furthermore, Johnson Controls argued that Mr. Sachs' failure to participate in discovery prejudiced it by denying Johnson Controls sufficient notice of the evidence Mr. Sachs may present at the September 29, 2015 Compensation Hearing. Because Mr. Sachs failed to respond to discovery and disclose his expert witnesses, and also failed to respond to this motion, Johnson Controls is left in the unenviable position of having to develop its defense in legal darkness. The Court agrees that requiring such a course of action would prejudice Johnson Controls. For this reason, the Court finds Johnson Controls' Motion well-taken and grants it.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sachs' claim against Johnson Controls for workers' compensation benefits is dismissed without prejudice to refiling pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure.

2. The Court assesses the $150 filing fee in this claim to Johnson Controls and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 (2015) of the Mediation and Hearing Rules of the Tennessee Division of Workers' Compensation. Johnson Controls or his carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. **Unless an appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty (30) days.**

---

[1] "Parties who choose to represent themselves are entitled to fair and equal treatment by the courts. However, the courts may not prejudice the substantive rights of the other parties in order to be '"fair"' to parties representing themselves. Parties who choose to represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with." *Hodges v. Tennessee Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (Internal citations omitted).

3

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 13th DAY OF AUGUST, 2015.

_____

Judge Joshua Davis Baker
Court of Workers' Compensation Claims

4

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order of Dismissal to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty (30) days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2015).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Dismissal Order was sent to the following recipients by the following methods of service on this the 13th day of August, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Kitty Boyte** | | | | | **X** | **kboyte@constangy.com** |
| **William Sachs** | **X** | | | | | **115 Wheeler Street Shelbyville, TN 37160** |


_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClek**