FILED

September 7, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:37 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| ANDY HUMPHREY, | ) | |
| Employee, | ) | Docket No. 2015-06-0107 |
| | ) | |
| v. | ) | State File No. 2015184197 |
| | ) | |
| LEWISBURG RUBBER AND | ) | Judge Joshua Davis Baker |
| GASKET, | ) | |
| Employer, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ACCIDENT FUND INS. CO., | ) | |
| Insurer. | ) | |

## DISMISSAL ORDER

This claim came before the Court on August 25, 2016, for a hearing of the Motion to Dismiss filed by Lewisburg Rubber and Gasket (Lewisburg Rubber). The Court conducted the hearing via teleconference. The employee, Andy Humphrey, did not respond to Lewisburg Rubber's Motion and did not participate in the teleconference. For the reasons provided herein, the Court grants Lewisburg Rubber's Motion and dismisses Mr. Humphrey's claim with prejudice.

### Claim History

This claim concerns a left-hip fracture Mr. Humphrey allegedly suffered when he fell in the parking lot of his workplace on January 5, 2015. Mr. Humphrey filed a PBD seeking temporary disability and medical benefits that stated the following: "walking on crutches, due to sprained mussel [sic], slipped and fell on uneven ground in parking lot, not handicapped [sic] friendly." The mediator filed a Dispute Certification Notice (DCN) certifying medical and temporary disability benefits as disputed issues.

1

Mr. Humphrey then filed a Request for Expedited Hearing and asked the Court to issue a ruling based on the documents in the claim file. Mr. Humphrey, however, failed to provide an affidavit with his Request for Expedited Hearing, so the Court had no sworn statement to support his claim.

On November 17, 2015, the Court denied Mr. Humphrey's request for temporary disability and medical benefits. In its order denying benefits, the Court wrote:

> Mr. Humphrey maintains in his PBD that he fell in the parking lot. He attributes his broken femur to the fall. Mr. Humphrey, however, provided no sworn testimony via affidavit to support his claim. Accordingly, the only credible evidence before the Court regarding causation comes from the statements attributed to him through the medical records. The Court finds the contents of these statements insufficient to establish that Mr. Humphrey suffered an injury by accident as defined by the Workers' Compensation Law. Instead, the medical records present more questions concerning the cause of his injury than answers. Some of these questions might have been answered if Mr. Humphrey had filed an affidavit supporting his Request for Expedited Hearing.

After the Court denied Mr. Humphrey's temporary disability and medical benefits request, the Court issued a scheduling order establishing deadlines for the parties to collect proof in preparation for a final Compensation Hearing. One of the deadlines required the parties to complete post-discovery alternative dispute resolution (ADR) by April 15, 2016. The Court also ordered the parties to participate in a telephonic pre-compensation hearing conference.

Before the pre-compensation hearing conference, Lewisburg Rubber filed a document entitled "Notice of Non-compliance, Inability to Communicate with Employee and Motion to Dismiss." In this document, Lewisburg Rubber told the Court the parties failed to complete post-discovery ADR before April 15, 2016, because Mr. Humphrey's phone and email had been disconnected, which prevented Lewisburg Rubber's counsel from contacting Mr. Humphrey to schedule ADR.

At the pre-compensation hearing conference, Mr. Humphrey said financial problems resulted in his telephone carrier disconnecting his telephone number and cancelling his email account. Mr. Humphrey also said he recently moved to Florida and lacked financial means to travel to Tennessee to attend ADR.

The Court continued the Compensation Hearing and instructed the parties to complete post-discovery ADR by July 31, 2016. The Court also instructed Mr. Humphrey to contact the Mediation and Ombudsman Service of Tennessee (MOST), the

group responsible for conducting ADR, and request permission to attend participate in ADR via telephone.[1] MOST allowed Mr. Humphrey to attend the ADR via telephone.

The parties scheduled ADR for July 28, 2016. Prior the scheduled ADR, Mr. Humphrey sent an email to the mediator, counsel for Lewisburg Rubber and a Court assistant that stated "I am formally withdrawing my claim for any compensation on my case." When the mediator convened ADR on July 28, 2016, Mr. Humphrey did not participate. Following ADR, the mediator issued a DCN noting Mr. Humphrey's failure to participate.

## Findings of Fact and Conclusions of Law

Lewisburg Rubber argued that Mr. Humphrey failed to prosecute his claim and moved to dismiss it pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. Rule 41.02 provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may more for dismissal of an action or of any claim against the defendant." "Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court." *Hodges v. Tennessee Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000).

In its Motion, Lewisburg Rubber cited Mr. Humphrey's failure to attend post-discovery mediation the first time it was scheduled. Since the motion was filed, Mr. Humphrey again failed to attend post-discovery mediation and sent an email to counsel for Lewisburg Rubber, the mediator and the Court's assistant stating he wished to formally withdraw his claim. Pursuant to these facts, the Court has failed to prosecute his claim. Additionally, the Court finds Mr. Humphrey has no intent to do so. It would be a waste of judicial resources and Lewisburg Rubber for this Court to continue setting deadlines and holding hearings that Mr. Humphrey fails to attend, especially in light of his expressed intention to abandon his claim. The Court therefore grants Lewisburg Rubber's Motion and dismisses this claim for Mr. Humphrey's failure to prosecute.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Humphrey's claim against Lewisburg Rubber for workers' compensation benefits is dismissed without prejudice to refiling pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure.

---

[1] In its order continuing the Compensation Hearing, the Court erroneously referred to MOST as the "Mediation and Ombudsmen Services Team."

3

2. The Court assesses the $150 filing fee in this claim to Lewisburg and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 (2015) of the Mediation and Hearing Rules of the Tennessee Division of Workers' Compensation, for which execution may issue as necessary. Lewisburg Rubber or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. **Unless an appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.**

**ISSUED ON THIS THE 7TH DAY OF SEPTEMBER, 2016.**

_____
Judge Joshua Davis Baker
Court of Workers' Compensation Claims

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the __7th__ day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| **Andy Humphrey** | x | | x | 138 Travel Park Drive, Unit 145 Spring Hill, FL 34607 andy63humphrey@gmail.com |
| **Gordon Aulgur** | | | x | gordon.aulgur@accidentfund.com |

_____

**Penny Shrum, Clerk**
**Tennessee Court of Workers' Compensation**
**Claims**
**WC.CourtClerk@tn.gov**