
**FILED**
**Feb 24, 2026**
**02:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **JESUS ARROYO BOYZO,** | ) | **Docket No. 2020-06-1327** |
| **Employee,** | ) | |
| **v.** | ) | |
| **SOL CONSTRUCTION,** | ) | **State File No. 58030-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **TECHNOLOGY INSURANCE CO.,** | ) | **Judge Joshua D. Baker** |
| **Carrier.** | ) | |
| | ) | |

## COMPENSATION ORDER GRANTING DISMISSAL WITH PREJUDICE

On February 18, 2026, the Court heard SOL Construction's motion to dismiss this claim due to Mr. Arroyo Boyzo's failure to comply with discovery and follow Court orders. Mr. Arroyo Boyzo did not respond or appear, so the motion is unopposed. Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(d) (2023). For the reasons below, the Court grants the motion.

### The Motion

SOL Construction requests dismissal because Mr. Arroyo Boyzo "has routinely failed to comply with the Court's Orders regarding discovery, and specifically, depositions."

As background, Mr. Arroyo Boyzo became injured in a work fall in March 2020. While represented by counsel, he filed the claim's first petition. Over time, however, two different attorneys withdrew their representation. After he became self-represented, Mr. Arroyo Boyzo's participation and cooperation waned, and in 2022, he received a notice of violation for his failure to attend and participate in mediation.

Since the authorized physician had assigned permanent impairment, SOL Construction filed a petition in 2023 seeking settlement. However, Mr. Arroyo Boyzo has not cooperated in negotiating settlement or prosecuting his claim. In fact, although he appeared for an initial show-cause hearing, he still has not requested a hearing.

Instead, the parties participated in several status conferences, in which the Court explained the ombudsman program to Mr. Arroyo Boyzo, including detailed instructions on how to request an ombudsman attorney.

The Court also set multiple deadlines for producing expert medical proof and other discovery deadlines. In total, Mr. Arroyo Boyzo has missed at least six court-ordered deadlines to obtain expert medical proof supporting his contention that the authorized physician's impairment rating is inaccurate. He has also disregarded all the deadlines in the scheduling order setting his claim for trial.

Finally, the Court entered an October 16 scheduling order setting a compensation hearing for February 19, 2026, and imposing several deadlines. For example, the Court ordered the parties to participate in lay-witness depositions before December 5; to disclose his expert—who had apparently changed—before December 15; to procure expert-witness depositions before January 15, 2026; and to file a list of his witnesses and exhibits ten days before trial.

Mr. Arroyo Boyzo did not comply with any of the scheduling order deadlines, including the deadline for his deposition.

So, SOL Construction moved for dismissal, setting a phone hearing on its motion for Wednesday, February 18, the day before Mr. Arroyo Boyzo's scheduled compensation hearing. SOL Construction sent Mr. Arroyo Boyzo a copy of its motion in Spanish and complied with Court rules for noticing a dispositive motion. Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(b), (c).

Additionally, Mr. Arroyo Boyzo received informal notice of the hearing by email. In a reply email with court staff copied, Mr. Arroyo Boyzo wrote, "Mejor espérare a la audiencia del Jueves gracias," which roughly translates as, "I'd better wait for Thursday's [compensation] hearing thanks."[1] Put simply, Mr. Arroyo Boyzo knew he had a phone hearing on a motion to dismiss but did not appear.

SOL Construction argues that without Mr. Arroyo Boyzo's participation in a deposition in particular, its ability to defend the claim at a compensation hearing is prejudiced. The Court agrees and cancels the February 19 compensation hearing.

---

[1] *Google Translate*, https://translate.google.com/?sl=auto&tl=en&text=Mejor%20esperare%20a%20la%20audiencia%20del%20Jueves%20gracias&op=translate (last visited Feb. 19, 2026).

## Law and Analysis

SOL Construction seeks dismissal under Rule 37.02 of the Tennessee Rules of Civil Procedure, which permits dismissal of a claim where a party "fails to obey an order to provide or permit discovery."

While "[d]ismissal is a harsh sanction," trial courts "must and do have the discretion to impose sanctions such as dismissal . . . to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders." *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982).

Further, "[t]rial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). Still, dismissal is normally appropriate only where there has been a "clear record of delay or contumacious conduct."[2] *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998).

This claim has been pending for nearly six years. For at least the last four years, Mr. Arroyo Boyzo has shown a clear record of delay and contumacious conduct. Despite numerous opportunities to prosecute his claim, he has repeatedly and stubbornly ignored court orders, frustrated discovery, failed to participate in mediation, twice ignored deposition notices, and submitted no medical evidence to prove his claim, making a trial futile.

More importantly, if permitted to continue, his pattern of delay and disobedience will unjustly prejudice SOL Construction's right to defend and conclude this claim.

The Court's patience is spent, and dismissal is warranted. Therefore, the Court dismisses Mr. Arroyo Boyzo's claim with prejudice to its refiling for noncompliance with discovery orders and for his long pattern of delay and disobedience of orders.

The Court assesses the $150.00 filing fee against SOL Construction, for which execution may issue as necessary. SOL Construction must also submit the completed SD-2 to the Court Clerk within ten business days.

**IT IS ORDERED**.

---

[2] *Merriam-Webster* defines "contumacious" as "stubbornly disobedient." *Merriam-Webster*, https://www.merriam-webster.com/dictionary/contumacious (last visited Feb. 19, 2026).

**ENTERED February 24, 2026.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 24, 2026.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| ██████████, Employee | | | X | ██████████ |
| Brendan Walsh, Employer's attorney | | | X | bwalsh@wimberlylawson.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellee \**

**<u>CERTIFICATE OF SERVICE</u>**

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*