IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 2, 2020

**ROCKY JOE HOUSTON v. PAT BROWN**

**Appeal from the Chancery Court for Roane County**
**No. 2015-99  Frank V. Williams, III, Chancellor**

————————————————————

**No. E2019-01563-COA-R3-CV**

————————————————————

Appellant appeals the trial court's order setting aside his transfer of real property as a fraudulent conveyance. We do not reach the substantive issue because Appellant's notice of appeal is untimely, thus depriving this Court of jurisdiction over the appeal. Dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Rocky Houston, Ten Mile, Tennessee, appellant, pro se.

Kerry Knox and Mitchell J. Ferguson, Murfreesboro, Tennessee, for the appellee, Pat Brown.

**OPINION**

On May 17, 2012, a jury entered a $5,000,000.00 verdict against Appellant Rocky Joe Houston in favor of Appellee Pat Brown in her wrongful death lawsuit. Ms. Brown is the mother of Michael Brown, who was shot and killed by Mr. Houston. Mr. Houston is currently incarcerated. To collect her judgment, on July 12, 2012, Ms. Brown filed a lien on real property (the "Property") owned by Mr. Houston. The Property was originally transferred from Mr. Houston's parents to him and his then-wife, Nancy Crabtree, as a tenancy by the entirety. Following the filing of the lien, on February 11, 2013, Mr. Houston and Ms. Crabtree executed a quit claim deed by which they purported to dissolve the tenancy by the entirety and vest the fee simple in Ms. Crabtree.

On September 22, 2015, Ms. Brown filed suit against Mr. Houston and Ms. Crabtree to set aside the February 11, 2013 quit claim deed as a fraudulent conveyance. After several delays, the trial court heard the case on June 11, 2019. The trial court entered an order on July 16, 2019 (the order was file stamped July 17, 2019), wherein it held that the conveyance of the Property "was made and contrived with the knowledge that a sizeable judgment . . . had been entered in favor of [Ms. Brown] against . . . Rocky Houston" in an effort to "hinder [Ms. Brown's] collection of her judgment against . . . Rocky Houston." As such, the trial court concluded that the transfer was fraudulent and set aside the February 11, 2013 quit claim deed. Mr. Houston filed a notice of appeal in this Court on September 3, 2019.

The sole issue for review is whether the trial court erred in setting aside the February 11, 2013 quit claim deed as a fraudulent conveyance. We first note that, while we are cognizant of the fact that Mr. Houston is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Unfortunately, we do not reach the substantive issue in this appeal due to the fact that Appellant's notice of appeal was untimely. Although this Court's review is generally limited only to those issues presented for review, Tennessee Rule of Appellate Procedure 13(b) requires us to "also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." Here, Mr. Houston brings his appeal under Tennessee Rule of Appellate Procedure 3. As such, Rule 4 of the Tennessee Rules of Appellate Procedure governs the time for filing the notice of appeal. According to Rule 4(a):

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed . . . .

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye,* 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P.

2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt*, 285 S.W.3d at 869.

As noted above, the order appealed was entered on July 17, 2019 and Mr. Houston's notice of appeal was filed on September 3, 2019, which was well outside the 30-day time period set out in Tennessee Rule of Appellate Procedure 4(a), *supra*. We are, however, cognizant of the fact that Mr. Houston was incarcerated at the time he filed his appeal. As such, Tennessee Rule of Civil Procedure 5.06, i.e., the so-called Prisoner Mailbox Rule, is triggered. The Rule provides, in relevant part:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

The Prisoner Mailbox Rule serves to protect inmates from untimely filings when prison officials are late mailing documents—not when inmates are late requesting and submitting documents. Here, Mr. Houston's notice of appeal states:

> Notice is hereby given that Rocky Joe Houston, the petitioner in the above named case, hereby appeals to the Court Of Appeals At Knoxville Tennessee For Eastern District Of Tennessee from the final judgment and order dismissing the petitioner's petition on 16th day of July 2019. **On this day 28 of August 2019.**

(emphasis added). Based on the fact that Mr. Houston signed his notice of appeal on August 28, 2019, we may reasonably infer that the notice was still in his possession at that time and, as such, was not "delivered to the appropriate individual at the correctional facility" until August 28, 2019 or later. Therefore, even giving Mr. Houston the benefit of the mailbox rule, we cannot conclude that he tendered his notice of appeal for mailing within the applicable 30-day time period. As such, Mr. Houston's notice of appeal is untimely, and this Court lacks jurisdiction over the appeal. *Flautt*, 285 S.W.3d at 869.

As a final matter, we note that, although Mr. Houston submitted his appeal on brief, on November 10, 2019, he filed a motion with this Court requesting oral argument. Having dismissed Mr. Houston's appeal for lack of jurisdiction, his motion for oral argument is rendered moot. *Norma Faye Pyles Lynch Family Purpose, LLC v. Putnam Co., Tennessee*, 301 S.W.3d 196, 204 (Tenn. 2009) (citations omitted) ("A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some

other reason occurring after commencement of the case."). As such, we deny the motion.

For the foregoing reasons, the appeal is dismissed and Appellant's motion for oral argument is denied. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Rocky Joe Houston. Because Mr. Houston is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

 

 

 

_____
KENNY ARMSTRONG, JUDGE