IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2024

## ELIZABETH COX v. KYLE VAUGHAN

**Appeal from the Circuit Court for Carter County
No. C14486  Suzanne Cook, Judge**

_____

**No. E2023-00930-COA-R3-CV**

_____

The pro se plaintiff appeals the trial court's dismissal of her legal malpractice action against her former attorney.  The trial court found that the plaintiff failed to offer any proof in support of her claim of negligence against the defendant attorney.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Elizabeth Cox, Elizabethton, Tennessee, pro se.

## MEMORANDUM OPINION[1]

On October 27, 2014, Elizabeth Cox ("Plaintiff") was involved in a motor vehicle accident in Washington County, Tennessee with her motor home and another vehicle. Plaintiff took her motor home to Chaparral Buick GMC for repairs ("GMC").  GMC completed the repairs and returned the motor home.  Plaintiff discovered several issues with the job completed by GMC.   Plaintiff employed attorney Kyle Vaughan

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Defendant")[2] to represent her in an action she sought to file against Farm Bureau Insurance Company, State Farm Insurance Company, GMC, and the other driver involved in the accident. Plaintiff provided Defendant with a $2,000 retainer and executed a retainer agreement on October 20, 2015. The agreement limited Defendant's representation to his pursuit of an action against GMC.

Defendant never filed any action on Plaintiff's behalf and avoided communication with her. Plaintiff filed a complaint with the Tennessee Board of Professional Responsibility in September 2018. The Board complaint was resolved by placing Defendant on diversion, pending his completion of a practice and professional enhancement program. Defendant ultimately returned the $2,000 retainer.

On January 31, 2019, Plaintiff filed this civil action against Defendant, alleging negligence relating to his legal representation, i.e., legal malpractice. Plaintiff asserted the statute of limitations had expired on a number of her claims as a result of Defendant's failure to file her claims as promised. Defendant denied liability and moved for summary judgment, arguing that the retainer agreement limited the scope of his representation to her claims against GMC for breach of contract of implied and express warranties, which carry a six-year statute of limitations. *See* Tenn. Code Ann. § 28-3-109(a)(3) (providing that causes of action based upon contract must be commenced within six years after the cause of action accrued). Defendant asserted that Plaintiff's claims against GMC had not yet expired. Defendant noted that he had also refunded Plaintiff's money, thereby establishing that Plaintiff had not been harmed by any alleged negligence.

On June 23, 2020, the trial court denied Defendant's motion for summary judgment, holding that genuine issues of material fact remained including (1) the scope of Defendant's representation as a result of any oral representations made and (2) whether the repairs made by GMC were sufficient to make Plaintiff whole or whether the damages claimed were caused by the accident or an unrelated cause. The court set the action for a hearing on October 30, 2020.

Defendant moved for a continuance, citing his unavailability as a result of his incarceration on a one-year sentence, beginning July 21, 2020. The court reset the action for September 14, 2022. Defendant did not appear, and Plaintiff requested a continuance, citing the unavailability of her witnesses. The court reset the action once more for June 5, 2023, cautioning Plaintiff that this continuance would be the last continuance provided. The court advised that the matter would be dismissed with prejudice if Plaintiff was not prepared with witnesses and evidence on that date.

On June 5, 2023, Plaintiff appeared for the hearing. Defendant did not appear. The court dismissed the action with prejudice, holding that Plaintiff failed to offer any proof as

---

[2] Defendant no longer practices law and was permanently disbarred on April 21, 2022.

to (1) negligence by Defendant; (2) breach of duty by Defendant; (3) legal causation of alleged damages; and (4) damages.

Plaintiff timely filed this appeal, arguing that she was present on the day of the hearing with the owner of Danny's Auto Glass and Upholstery, who was prepared to testify concerning the damages to her motor home. She provided that she never spoke of Defendant's negligence "because that was NOT what this court was scheduled for." She believed that she merely had to establish her damages because Defendant failed to appear at the prior hearing.

"Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court." *Hodges v. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). We review such decisions under an abuse of discretion standard. *Id.* "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not allow an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

The record reflects that the court set the hearing to address Plaintiff's claim of legal malpractice against Defendant and any alleged damages as a result of his malpractice. A plaintiff in a legal malpractice action must establish the following elements:

(1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001) (citations omitted); *Shearon v. Seaman*, 198 S.W.3d 209, 214 (Tenn. Ct. App. 2005) (listing the same elements). "In order to prove damages in a legal malpractice action, a plaintiff must prove that [s]he would have obtained relief in the underlying lawsuit, but for the attorney's malpractice; consequently, the trial of a legal malpractice claim becomes, in effect, a 'trial within a trial.'" *Shearon*, 198 S.W.3d at 214 (quoting *Gibson*, 58 S.W.3d at 108). While the damages to her motor home were a relevant issue, Plaintiff did not offer evidence concerning Defendant's negligence in his representation or whether his negligence was the proximate cause of her damages.

We believe that the aforementioned misunderstanding was due, in part, to Plaintiff's status as a pro se litigant. This court "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*,

945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)). It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted).

Plaintiff failed to set forth any evidence concerning Defendant's negligence. We cannot task the trial court with the responsibility of litigating Plaintiff's claim on her behalf. With all of the above considerations in mind, we affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Elizabeth Cox.

_____
JOHN W. MCCLARTY, JUDGE