IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 3, 2025

## JANICE M. LONGDUE v. MELISSA HAMMOCK

**Appeal from the Circuit Court for Knox County**
**No. 159894   Gregory S. McMillan, Judge**

_____

**No. E2024-01073-COA-R3-CV**

_____

This appeal stems from the trial court's granting of Appellee's petition for an order of protection against Appellant. We do not reach the merits of Appellant's argument because her brief does not comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee—most notably by failing to include a statement of issues presented for review. This appeal is therefore dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Melissa Hammock, Corryton, Tennessee, Pro se

Janice M. Longdue, Corryton, Tennessee, Pro se.

## MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This matter involves a dispute between two property owners, Respondent/Appellant Melissa Hammock ("Appellant") and Petitioner/Appellee Janice M. Longdue ("Appellee"). Appellee's property is bordered on one side by a strip of land encumbered by an easement; the front of Appellant's property abuts the easement. The easement is for the benefit of the property neighboring Appellant's property, providing an access road to the rear of that property. In turn, that neighbor has allowed Appellant to use the road to access her own property. Appellant also performs maintenance on the easement.

On May 16, 2024, Appellee filed a petition for an order of protection against Appellant in the Knox County Circuit Court ("the trial court"). Appellee alleged that Appellant had damaged her property by, inter alia, cutting a barbed-wire fence, destroying a privacy fence, and cutting trees. The petition further alleged that Appellant would often be on Appellee's property line and would record Appellee in her yard.

Following a hearing, the trial court granted Appellee an order of protection on June 20, 2024. Appellant was prohibited from contacting or communicating with Appellee and entering or intentionally damaging Appellee's property. Appellant was further prohibited from performing maintenance of the easement along Appellee's property. The order was set to expire on December 31, 2024. Appellee filed a motion for attorney's fees on June 25, 2024. Appellee was awarded $3,975.00 in attorney's fees by order of July 11, 2024.

Appellant filed this appeal on July 23, 2024.

## II. ANALYSIS

As discussed more in depth, *infra*, it is somewhat unclear from Appellant's brief what questions she poses on appeal. Upon review, we conclude that Appellant's failure to comply with the requirements of the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee concerning appellate briefs precludes effective review, and we decline to reach the substantive issues.

The Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals set forth rules regarding appellate practice, specifically, the form and content of a party's brief. Rule 27 of the Tennessee Rules of Appellate Procedure provides that the brief of an appellant shall contain the following:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Rule 6 of the Rules of the Court of Appeals of Tennessee separately describes requirements for the content of an appellant's argument "in regard to each issue on appeal." Rule 6 requires:

> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.
>
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a). Rule 6 further provides that:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b). Thus, a failure to comply with these Rules may have significant consequences for appellate litigants.

It does appear that Appellant made some attempt to meet the requirements set out in Rule 27 and Rule 6. To be sure, Appellant's brief contains a table of contents, a table of authorities,[2] a "Statement of the Case and [F]acts" section, a "Summary of Argument and Argument" section, and a conclusion. The facts section of Appellant's brief contains only minimal citations to exhibits from the hearing on the petition for an order of protection and the argument section contains a lone citation to legal authority supporting Appellant's request for relief.[3] *Cf. **Mabry v. Mabry***, No. 03A01-9106CH207, 1992 WL 24995, at *1 (Tenn. Ct. App. Feb. 14, 1992) ("It is not incumbent upon this Court to sift through the record in order to find proof to substantiate the factual allegations of the parties."); ***Forbess v. Forbess***, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011)("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal." (citing ***Newcomb v. Kohler Co.***, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006))).

Most notably, however, the brief does not contain a statement of the issues presented for review. *See **Hodge v. Craig***, 382 S.W.3d 325, 334 (Tenn. 2012) ("Appellate review is generally limited to the issues that have been presented for review." (citing Tenn. R. App. P. 13(b))); ***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) (calling the complete omission of any statement of issues "the most glaring deficiency" in an appellate brief also missing any citations to the record or legal authority). Our supreme court has repeatedly emphasized the importance of properly designating the issues raised on appeal. *E.g.*, ***Hodge***, 382 S.W.2d at 335 (holding that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)"); ***City of Memphis v. Edwards by & Through Edwards***, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *3 (Tenn. July 5, 2023) (per curiam) (explaining that the requirements related to properly raising an issue on appeal "are not matters of mere formality"); ***Trezevant v. Trezevant***, 696 S.W.3d 527, 531 (Tenn. 2024) (per curiam) (noting that "an appellant that . . . leaves the reviewing court scouring the record for reversible errors, risks having its issues waived"). We are simply not responsible for "scouring the appellate record for any reversible error the trial court may have committed." ***Owen***, 2011 WL 6777014, at *4; *see also **Sneed v. Bd. of Prof'l Resp. of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely

---

[2] Neither table, however, indicates what page in Appellant's brief the referenced sections or authorities may be located. Moreover, of the five authorities cited in Appellant's table of authorities, only one is mentioned in a conclusory fashion in the body of Appellant's brief.

[3] This single citation does not explain how the cited caselaw supports Appellant's position on appeal. An argument that is more than skeletal is one that not only cites legal authority but also explains "how the cited legal principles apply to the facts in this case." ***Tennesseans for Sensible Election L. v. Slatery***, No. M2020-01292-COA-R3-CV, 2021 WL 4621249, at *6 (Tenn. Ct. App. Oct. 7, 2021) (describing the explanation as "necessary"), *perm. app. denied* (Tenn. Mar. 24, 2022).

- 4 -

constructs a skeletal argument, the issue is waived."). Appellant's failure to state any issues for this Court to review therefore presents a serious hurdle to meaningful consideration of this appeal.

This Court has consistently held that "profound deficiencies [like those found in Appellant's brief] render[] appellate review impracticable, if not impossible." **Owen**, 2011 WL 6777014, at *4 (citing). Appellant's repeated mis-identification of the parties and inconsistent use of personal pronouns further frustrate our ability to effectively review her argument.[4] *See* **DiNovo v. Binkley**, 706 S.W.3d 334, 337 (Tenn. 2025) (including among those situations where a party's argument has been waived, errors "significantly frustrat[ing] the court's ability to decide an appeal").

We recognize that Appellant is proceeding pro se in this appeal and therefore may not be fluent in the Rules of this Court. As such, she is granted "a certain amount of leeway in drafting [her] pleadings and briefs." **Young v. Barrow**, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted). Yet, it is well settled that "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." **Chiozza v. Chiozza**, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). So "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, '[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts.'" **Id.** (first citing **Hodges v. Tenn. Att'y Gen.**, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); and then quoting **Whitaker v. Whirlpool Corp.**, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)); *see also* **Irvin v. City of Clarksville**, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) ("*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.").

This Court is granted the discretion under Tennessee Rule of Appellate Procedure 2 to waive such noncompliance for good cause and adjudicate the issues on their merits.[5] *See* **DiNovo**, 706 S.W.3d at 336 (noting that "Tennessee courts must reasonably exercise their

---

[4] Throughout the brief, Appellant refers to herself as the appellee and Appellee as the appellant. Appellant will sometimes refer to herself in the first person (using "I" or "me") and sometimes in the third person (using "she" or "her"); Appellee is often referred to in the third person (using "she" or "her") but sometimes in the first person ("using "my"). For example, in her statement of the case and facts, Appellant states: "Ms. Longdue (Appellant) states I recorded her on her property and damaged my fence by cutting the [barbed]-wire and removing the privacy fence. She also said Ms. Hammock (Appellee) had placed stakes in my yard, and when she tried to remove them, Ms. Hammock (Appellee) blocked her."

[5] That rule provides, in relevant part:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion[.]

Tenn. R. App. P. 2 (listing exceptions not at issue here).

discretion to excuse technical deficiencies that do not significantly impede the appellate process"). This may occur on occasion when, for example, resolution of the case impacts innocent parties such as children. *See Chiozza*, 315 S.W.3d at 489. This is not such a case. Moreover, given Appellant's critical omission of any statement of the issues, soldiering on seems particularly futile. We therefore decline to exercise our discretion to waive Appellant's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee to reach the merits of her argument. Accordingly, this appeal is dismissed, and all other issues are pretermitted.

## V. Conclusion

Based on the foregoing, we dismiss this appeal and remand this matter to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Melissa Hammock, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE