IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 4, 2025

## BRAGG MORRIS v. TENNOVA HEALTHCARE ET AL.

**Appeal from the Circuit Court for Montgomery County**
No. 24CV1919        Matthew Joel Wallace, Judge

———————————————————

### No. M2024-01741-COA-R3-CV

———————————————————

Appellant appeals the trial court's dismissal of his health care liability action. Because Appellant has not complied with appellate briefing requirements, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, PJ.,W.S., delivered the opinion of the court, in which Frank G. Clement, Jr., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Bragg Morris, Clarksville, Tennessee, Pro se.

James R. Embrey, Jr. and Lauren S. Spicer, Franklin, Tennessee, for the appellee, Tennova Healthcare, and Tennova Healthcare-Clarksville.

## MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/Appellant Bragg Morris ("Appellant") filed a civil summons against Defendants/Appellees Tennova Healthcare and Tennova Healthcare Clarksville (together, "Tennova") in the Montgomery County General Sessions Court on August 14, 2024. The

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

summons alleged a medical malpractice action. After a hearing on September 25, 2024, the matter was transferred to the Montgomery County Circuit Court ("the trial court").

Tennova filed a motion to dismiss the action in October 2024, arguing that Appellant's medical malpractice action was really a health care liability action pursuant to the Tennessee Health Care Liability Act ("the HCLA"). *See* Tenn. Code Ann. §§ 29-26-101 to -210. Tennova alleged that Appellant had neither provided pre-suit notice of his claim nor filed a certificate of good faith, and was thus precluded from bringing a health care liability action under the HCLA.

The trial court entered its order of dismissal with prejudice on October 17, 2024. The order stated that Appellant had not appeared at the hearing on the motion to dismiss held on October 9, 2024. This appeal followed.

## II. ANALYSIS

Appellant raises three issues on appeal.[2] Upon review, however, we conclude that Appellant's failure to comply with the requirements of the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee concerning appellate briefs precludes effective review, and we decline to reach the substantive issues.

The Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals set forth rules regarding appellate practice, specifically, the form and content of a party's brief. A key commonality between these Rules is the requirement that an appellant's brief contain citations to the record. *See* Tenn. R. App. P. 27(a)(6) (requiring citations to the record in the statement of facts, (7) (requiring citations to the record in the argument); Tenn. R. Ct. App. 6(a) (requiring citations to the record showing the alleged error, the challenge to the alleged error, the resulting prejudice, and all determinative facts). Failure to properly cite to the record can have significant consequences under Rule 6, which provides that no "complaint of or reliance upon action by the trial court" or "assertion of

---

[2] Specifically, Appellant raised the following issues:

1. Whether the trial court erred in granting Tennova['s] motion to dismiss with prejudice in a case involving medical malpractice and negligence, where Tennova used a third-party collection agency relying on falsified medical records to pursue a debt—without considering the Appellant's ongoing claims of medical fraud.

2. Whether the trial court or Tennova [] violated the Appellant's due process rights by failing to properly inform him of a court date or motions submitted by [Tennova], and by permitting the collection lawsuit to proceed without addressing allegations of fraudulent billing.

3. Whether [Tennova] failed to properly notify the Appellant of the Docket Date for October 9, 2024, and whether the Appellant was deprived of proper service of the documents required for the case, placing him at a disadvantage, as the "Certified Mail" documents related to the dismissal were never received.

fact will be considered on appeal unless the argument contains a reference to the page or pages of the record" where the action or support for the fact is recorded. Tenn. R. Ct. App. 6(b); *see also* **Com. Bank, Inc. v. Summers**, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011) ("We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record."). Here, Appellant fails to include any citations to the record in his brief. Still, because the action was resolved pursuant to Tennova's motion to dismiss, no evidence was heard, and the technical record comprises only twenty-two substantive pages. The brevity of the record somewhat lessens the burden faced by this Court as a result of this failure. *See* **Little v. City of Chattanooga**, 650 S.W.3d 326, 340 (Tenn. Ct. App. 2022) (noting that the "rules governing appellate briefs are of particular importance when, as here, the record is voluminous"). Yet the minimal record also makes the lack of citation all the more egregious for the ease of its prevention.

Of more consequence to our ability to review Appellant's arguments on appeal is his failure to include any citation to legal authority in his brief. Rule 27 specifically requires that an appellant's brief include an argument section setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7). Tennessee courts have repeatedly held that it "is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." **Sneed v. Bd. of Prof'l Resp. of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010). Here, Appellant's brief is devoid of any legal authority to support his assertions of error. The presentation of such skeletal arguments cannot be excused by the lack of evidence in the record.

Despite Tennova's argument that the deficiencies in his brief should prove fatal to his appeal, Appellant did not attempt to better comply with the briefing requirements by amending his initial brief. *See* **DiNovo v. Binkley**, 706 S.W.3d 334, 336 (Tenn. 2025) (noting that an appellant could have remedied a non-disruptive technical deficiency by filing a corrected brief). Nor did Appellant respond to Tennova's argument in a reply brief. *But see* **Augustin v. Bradley Cnty. Sheriff's Off.**, 598 S.W.3d 220, 227 (Tenn. Ct. App. 2019) (noting that reply briefs are "generally not a vehicle to correct deficiencies in initial briefs"). Instead, Appellant filed a motion seeking "leave to supplement his previously filed brief with an additional constitutional argument concerning the Supremacy Clause of the United States Constitution" on September 22, 2025. Unfortunately, this motion and the proposed supplemental brief are rife with their own procedural and technical deficiencies.

As noted by Tennova, this motion was not filed within the timeframe allotted for reply briefs, i.e., fourteen days after the filing of Tennova's brief.[3] *See* Tenn. R. App. P. 29(a). Nor did Appellant request an extension of time for the filing of a reply brief. *See* Tenn. R. App. P. 21(b) (noting that this Court may extend most of the time limits prescribed by the Rules for "good cause shown"). The motion contains nothing to suggest that good cause exists for excusing its untimeliness. The motion also offers no explanation for Appellant's failure to include the newly raised argument in his initial brief, indicating only that Appellant became aware of the constitutional issue after "further review of the applicable law[.]" A party cannot be allowed to simply tack on additional appellate arguments after briefing is completed where neither the facts nor the law have changed; at some point, the parties must rest on the arguments submitted in accordance with our rules. *See* Tenn. R. App. P. 14(a) (allowing for the consideration of facts occurring after entry of judgment), 27(d) (allowing for the consideration of authorities the party becomes aware of after filing the initial brief, but not allowing for additional argument).

Moreover, the proposed supplemental brief fails to comply with the requirements set out in Rule 27 and Rule 6. The supplemental brief again contains no citation to the record. While Appellant does include citations to two cases and the United States Constitution to support the statement that a state law cannot obstruct the enforcement of a federal right, there is nothing in the record to suggest that a federal right is at issue in this case. *See* ***Tennesseans for Sensible Election Ls. v. Slatery***, No. M2020-01292-COA-R3-CV, 2021 WL 4621249, at *6 (Tenn. Ct. App. Oct. 7, 2021) (describing the "explanation of how the cited legal principles apply to the facts in this case" as a "necessary" part of the appellate brief). And it does not appear that these constitutional arguments, or indeed, any arguments, were made in the trial court. *See* ***Jackson v. Burrell***, 602 S.W.3d 340, 344 (Tenn. 2020) (noting that, generally, "a party may not raise an issue on appeal that was not raised in the trial court"); *see also* ***In re Adoption of E.N.R.***, 42 S.W.3d 26, 32 (Tenn. 2001) (holding that issues challenging the constitutionality of a statute may be waived when they are raised so late as to be "little more than an afterthought"). Thus, even if we were to allow Appellant to file his untimely supplemental brief, the arguments raised therein would be waived. Appellant's motion to supplement his brief is therefore denied.

We recognize that Appellant is proceeding pro se in this appeal and therefore may not be fluent in the Rules of this Court. As such, he is granted "a certain amount of leeway in drafting [his] pleadings and briefs." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted). Yet, it is well settled that "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). So "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, '[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to

---

[3] Tennova's brief was filed on July 15, 2025, and Appellant's motion to supplement was filed on September 22, 2025.

the courts.'" ***Id.*** (first citing ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); and then quoting ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)); *see also* ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) ("*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.").

This Court is granted the discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to waive noncompliance with appellate briefing requirements for good cause and adjudicate the issues on their merits.[4] *See* ***DiNovo***, 706 S.W.3d at 336 (noting that "Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process"). This may occur on occasion when, for example, resolution of the case impacts innocent parties such as children. *See* ***Chiozza***, 315 S.W.3d at 489. This is not such a case. We therefore decline to exercise our discretion to waive Appellant's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee to reach the merits of his argument. Accordingly, this appeal is dismissed, and all other issues are pretermitted.

## V. CONCLUSION

Based on the foregoing, we dismiss this appeal and remand this matter to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Bragg Morris, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[4] That rule provides, in relevant part:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion[.]

Tenn. R. App. P. 2 (listing exceptions not at issue here).