IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2025

**THASHA A. BOYD V. ALAN L. JAKES, ET AL.**

**Appeal from the Chancery Court for Warren County**
**No. 16204     Larry B. Stanley, Jr., Chancellor**

_____

**No. M2025-01665-COA-T10B-CV**
_____

This is an accelerated interlocutory appeal as of right. The petitioner seeks review of the trial court's denial of her motion for recusal. Discerning no error upon our review of the petition for recusal appeal, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Thasha A. Boyd, McMinnville, Tennessee, pro se appellant.

Mark Allen Polk, Murfreesboro, Tennessee, for the appellee, Alan L. Jakes.

Robert M. Burns, Nashville, Tennessee, for the appellees, Kevin Miller, Paul Holder Realty & Auction, Livia Walker, and Dorinda Walker.

# MEMORANDUM OPINION[1]

## I. BACKGROUND

Following her purchase of certain real property, Appellant Thasha A. Boyd ("Plaintiff") initiated the underlying action against the seller, the real estate agents, and other persons involved in the transaction. She alleges that serious problems arose with the property shortly after the sale. On April 8, 2025, Plaintiff presented to the office of the Clerk and Master of the Warren County Chancery Court to file a motion to dismiss in this action. The same day, she emailed the Clerk's office to request that her motion be presented to the assigned trial judge, The Honorable Larry B. Stanley, Jr., for consideration without a hearing. The following day, the Clerk responded to Plaintiff's email and advised that she would get back to Plaintiff after speaking with Judge Stanley.

There was a docket call that took place on April 8, 2025. By error, Plaintiff did not receive notice of the docket call. Plaintiff learned of the docket call on April 9 when she was copied on an email sent to the Clerk by counsel for one of the defendants. Attached to that email was a proposed order to be presented to Judge Stanley which read that Plaintiff had not appeared at the docket call, but the action would be stayed because Plaintiff had initiated a separate federal court action related to the same real estate transaction.

On April 9, Plaintiff emailed the Clerk requesting proof of service of the notice of the docket call. That afternoon, Plaintiff went in person to speak with the Clerk, and the Clerk informed Plaintiff that she had not responded to her request for proof of service because she wanted to speak with Judge Stanley about Plaintiff's lack of notice of the docket call. Further, the Clerk advised Plaintiff that the reason she may not have received notice of the docket call was due to issues with a new email system and that the case was not set for a hearing at the April 8 docket call.

A hearing was scheduled before Judge Stanley on April 25, 2025. An email from the Clerk to all parties stated that the purpose of the hearing was to address "concern that not all intended recipients of the April 8 docket setting did in fact receive a copy of the docket setting which was emailed the week of March 20." At the April 25 hearing, Judge Stanley ruled that the proposed order submitted by counsel for one of the defendants would

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

be amended to show that: Plaintiff had not received notice of the docket call; one of the deputy clerks had not sent the notice to Plaintiff; at the docket call one of the attorneys informed the trial court that Plaintiff had commenced a federal court action; and the case would be stayed due to the federal court litigation.

Plaintiff filed a Tennessee Open Records Act request with the Warren County Sheriff's Department and the Warren County Executive's Office. On June 25, 2025, Plaintiff filed a motion to recuse Judge Stanley. The Tennessee Supreme Court designated Senior Judge Vanessa A. Jackson to hear Plaintiff's motion to recuse. Following a hearing, and by order entered October 2, 2025, Judge Jackson denied Plaintiff's motion to recuse. Judge Jackson specifically addressed the asserted grounds for recusal and found that several of the allegations within Plaintiff's motion were unrelated to any action taken by Judge Stanley. Judge Jackson found that there existed no basis for Judge Stanley's recusal from the case.

On October 21, 2025, Plaintiff filed the instant interlocutory appeal as of right from the October 2, 2025, order denying recusal, pursuant to Tennessee Supreme Court Rule 10B. The same day, Plaintiff filed in this Court a Petition for Writ of Certiorari to Correct the Illegal, Unethical and Unconstitutional Acts of Defendants, Warren County and Warren County's Judiciary. *See Thasha A. Boyd v. Alan L. Jakes, et al.*, M2025-01679-COA-WR-CV.

## II.     DISCUSSION

We have reviewed Plaintiff's Rule 10B petition and its supporting documents filed October 21. Upon review, we have determined that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Plaintiff does not demonstrate error by Judge Jackson as to the denial of Plaintiff's motion for recusal. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)

(quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002), *abrogated on other grounds by State v. Miller*, 638 S.W.3d 136 (Tenn. 2021)); *see also* Tenn. Const. Art. VI, § 11. Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (Recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" (quoting *Bean*, 280 S.W.3d at 805)). "A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). However, "[n]ot every bias, partiality, or prejudice merits recusal." *Id.* "Adverse rulings by a trial court are not usually sufficient grounds to establish bias." *Id.* In fact, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* In other words, "if the bias is alleged to stem from events occurring in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, *i.e.*, that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, *3 (Tenn. Ct. App. Feb. 11, 2014).

We review a trial court's ruling on a motion for recusal *de novo*. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof." *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court. *See Malone v. Malone*, No. W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023); *McKenzie*, 2014 WL 575908, at *6 n.3.

Plaintiff primarily takes issue with "abuse of process and contumacious conduct" on the part of the *defendants* in the underlying action, including their "repeated and unsupported requests for extensions; filings/pleadings that were not in compliance with local rules/procedures/statute[s] and not supported by statute and/or precedent." To the extent that Plaintiff faults Judge Stanley's rulings on the motions filed by the defendants earlier in the action, we will not consider her attempt to relitigate various orders and rulings in this case. The only order this Court may review as to its correctness or merits in a Rule

10B recusal appeal is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings . . . .").

Additionally, Plaintiff characterizes the Clerk's office's error concerning the April 8, 2025, docket call as "an escalation of coordinated unethical and illegal acts between the judiciary and Defendants to deprive [Plaintiff] of her constitutional rights, right to due process, right to [a] fair and impartial judiciary, and right of access to public/official/court records." The record does not support such a contention. Nor does the record contain evidence that Judge Stanley made the error or that this was ultimately prejudicial to Plaintiff. It was a Clerk's office error which was promptly remedied by Judge Stanley's hearing and corrective order. Clearly, such remedial action does not demonstrate bias against Plaintiff. Plaintiff further characterizes the Clerk's communications with Judge Stanley while attempting to correct the error as improper *ex parte* communications. As Judge Jackson correctly noted in the order appealed from:

> The general rule set forth in Tennessee Supreme Court Rule 10, Canon 2, Rule 2.9, is that *ex parte* communications by judges about pending matters is prohibited. However, Rule 2.9 (A)(1) and (3) provide exceptions to that general rule. Those exceptions are *ex parte* communications for scheduling and administrative purposes which do not address substantive issues and a judge's consultation with court staff and court officials who aid the judge in carrying out his judicial duties.

Upon de novo review, we find that the communications between the Clerk and Judge Stanley regarding the April 8 docket call are within the exceptions to the general prohibition of *ex parte* communications and do not amount to a basis for the judge's recusal.

Finally, Plaintiff asserts that Judge Stanley must recuse from her case due to his "and/or [the Clerk's] statutory requirement to provide a response to [Plaintiff's] records request(s)." This argument is without merit for two reasons. First, Plaintiff's records requests were made to the Warren County Sheriff's Department and the Warren County Executive's Office, not to Judge Stanley. Second, although a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, this is what Plaintiff improperly invites the trial court and Clerk's office to do when she states that they should "consult[] with Warren County Executive and/or appropriate offices, agencies, etc."

Upon review of the petition for recusal appeal and all supporting exhibits, we find no basis upon which to conclude that a person of ordinary prudence in the trial judge's position, knowing all of the facts known to him, would find a reasonable basis for questioning the trial judge's impartiality. *See Davis*, 38 S.W.3d at 564; Tenn. Sup. Ct. R. 10, RJC 2.11(A). With the foregoing considerations in mind, we affirm the October 2, 2025, order denying Plaintiff's motion for recusal.


### III.    CONCLUSION


We affirm the Warren County Chancery Court's October 2, 2025, order. The case is remanded for further proceedings as necessary. Costs of the appeal are taxed to the appellant, Thasha A. Boyd.


_____
JOHN W. McCLARTY, JUDGE